## MARTÍNEZ v. RIVERA.

REMEDY of complaint against a decision of the District Court of Mayagüez.

No. 1.—Decided April 4, 1904.

APPEAL—FINAL JUDGMENT.—An appeal lies from final judgments, understanding by such not only those which put an end to the action, but also those rendered

juicio, sino también las que recayendo sobre un incidente ó artículo, pongan término al pleito, haciendo imposible su continuación.

Id.—Un auto denegatorio de la reposición de otro auto por el que se negó á su vez la intervención en unas operaciones de recolección de café de una finca rústica, dentro del procedimiento sumarísimo de la Ley Hipotecaria, no es definitivo y por consiguiente no es apelable para ante el Tribunal Supremo.

Hipotecas—Procedimiento Sumario.—El procedimiento sumario que determina la Ley Hipotecaria para el cobro de créditos hipotecarios, no puede suspenderse á instancias del deudor, ni de ninguna otra persona.

Id.—Recursos del Deudor—Aseguramiento de Sentencia.—El deudor además de los recursos que le otorga el párrafo 9 del Artículo 175 del Reglamento Hipotecario, puede asegurar la efectividad de la sentencia que haya de dictarse en el pleito que puede iniciarse á su instancia, solicitando en él la retención del todo ó parte de la cantidad que por el procedimiento ejecutivo deba entregarse al acreedor ejecutante.

## EXPOSICIÓN DEL CASO.

*Resultando*: que dentro del procedimiento sumarísimo que estatuye la Ley Hipotecaria y regula su reglamento, seguido por Don Victor Martínez contra Don Domingo Rivera, en cobro de un crédito hipotecario, á solicitud del ejecutante se decretó la administración judicial de la finca hipotecada, según lo que dispone el Artículo 1528 de la Ley de Enjuiciamiento Civil.

*Resultando*: que el letrado del demandado, en nombre de su principal, solicitó la intervención de las operaciones de recolección del café de la finca rústica objeto de la administración, fundando su solicitud en los Artículos 1528, 1519, 1520 y siguientes de la ley mencionada, y fué denegada la solicitud en providencia de 1 de Octubre último.

*Resultando*: que el letrado mencionado solicitó reposición de esa providencia, y también ésta fué denegada, por auto de 19 de Noviembre último.

*Resultando*: que en seguida interpuso apelación contra el auto últimamente mencionado y se denegó por otro de 5 de Diciembre siguiente.

*Resultando*: que haciendo uso del derecho, que según sostiene, concede á su parte el Artículo 397 de la Ley de Enjuiciamiento Civil, interpuso el recurso de queja correspon-

on an incidental issue or collateral matter which terminates the proceedings and renders their continuance impossible.

ID.—An order denying a reconsideration of another order which refused intervention in the work of harvesting the coffee crop of a rural estate, within the summary proceedings prescribed by the Mortgage Law, is not final, and is therefore not appealable to the Supreme Court.

MORTGAGES—SUMMARY PROCEEDINGS.—The summary proceedings prescribed by the Mortgage Law for the collection of mortgage credits cannot be suspended at the instance of the debtor or of any other person.

ID.—REMEDIES OF DEBTOR—EFFECTIVENESS OF JUDGMENT.—The debtor, in addition to the remedies granted by paragraph 9 of article 175 of the Mortgage Regulations, may secure the effectiveness of the judgment rendered in the action which may be instituted at his instance, by praying therein for the retention of the whole or a part of the sum which should be delivered to the execution creditor by virtue of the executory proceedings.

### STATEMENT OF THE CASE.

In the summary proceedings prescribed by the Mortgage Law and conducted under the Regulations for the execution thereof, instituted by Victor Martínez against Domingo Rivera for the recovery of a mortgage debt, the judicial administration of the mortgaged estate was decreed at the instance of the mortgage creditor, pursuant to the provisions of article 1528 of the Law of Civil Procedure.

Counsel for the defendant, on behalf of his client, requested intervention in the harvesting of the coffee crop, which was the object of the administration of the property, basing his request on articles 1528, 1519, 1520 *et seq.* of aforesaid law, his request being overruled by an order of October 1 of last year.

The aforesaid counsel then prayed for a reconsideration of said order, which was also refused in a ruling of November 19 of last year.

Thereupon he immediately took an appeal from the last mentioned decision, which appeal was disallowed by another ruling of the 5th of December following.

Availing himself of the right which, he contends, is granted to his client by article 397 of the Law of Civil Procedure, counsel for the defendant prosecuted the proper remedy of

diente, suplicando á esta Corte Suprema que haga los pronunciamientos que procedan y sean de justica.

*Resultando*: que interpuesto en tiempo y forma por el deudor el recurso de queja contra el auto denegatorio del de apelación, se señaló día para la vista, cuyo acto se celebró sin la asistencia de los abogados defensores de las partes, en diez y ocho de Marzo del año corriente.

Abogado del recurrente: *Sr.Vazquez* (Fernando).

La parte recurrida no compareció.

EL JUEZ ASOCIADO SR. MACLEARY, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando*: que procede el recurso de apelación contra las sentencias definitivas y tienen el concepto de tales además de aquellas que terminan el juicio, las que recayendo sobre un incidente ó artículo pongan término al pleito, haciendo imposible su continuación, según lo dispuesto en el Artículo 1688 de la Ley de Enjuiciamiento Civil.

*Considerando*: que el auto de 19 de Noviembre del año anterior, contra el cual se interpuso el recurso de apelación y que se limitó á negar la reposición del de 1 de Octubre, que denegó la intervención de las operaciones de recolección del café de la finca rústica, dentro del procedimiento sumarísimo de la Ley Hipotecaria, no tiene el concepto de definitivo, porque á nada pone término, ni hace imposible la continuación del pleito, por cuya razón fué bien denegada la apelación por el Tribunal de Distrito de Mayagüez.

*Considerando*: que este recurso de queja tiene por objeto la admisión ó no del recurso de apelación denegado, y si este Tribunal acordase la admisión se pondría en contradicción con los Artículos 175 y 176 del Reglamento de la Ley Hipotecaria, puesto que estas dsiposiciones previenen que no puede suspenderse dicho procedimiento, ni á instancia misma del deudor, y admitida la apelación su primer efecto sería

complaint and requested this court to render such decision as may be meet and according to justice.

The debtor having taken an appeal in complaint in due time and form from the order denying the right of appeal, a day was set for the hearing, which was held without the presence of the counsel for the parties, on the 18th of March of the present year.

*Mr. Vázquez (Fernando)*, for appellant.

The respondent did not appear.

MR. JUSTICE MacLEARY, after making the above statement of facts, delivered the opinion of the court.

An appeal lies from final judgments, and in addition to those which put an end to the action, decisions rendered upon an incidental issue or collateral matters which terminate the action and render its continuation impossible, are also considered as final, in accordance with the provisions of article 1688 of the Law of Civil Procedure.

The order of November 19, 1903, from which the appeal was prosecuted, which was limited to denying a reconsideration of the order of the 1st of October, and which refused intervention in the work of harvesting the coffee crop of the rural estate in question, within the summary proceedings prescribed by the Mortgage Law, cannot be considered as final, inasmuch as it does not put an end to anything, nor does it make impossible the continuation of the action, and therefore the appeal was properly disallowed by the District Court of Mayagüez.

The object of this remedy in complaint is to obtain the admission or refusal to admit the appeal which was denied, and if this court should order its admission it would go counter to articles 175 and 176 of the Regulations for the execution of the Mortgage Law, inasmuch as those provisions prescribe that said proceedings cannot be suspended even at the instance of the debtor himself, and if the appeal were to be admitted, its primary effect would be the suspension of

la suspensión del procedimiento, puesto que el Tribunal carecería ya de jurisdicción para seguir actuando.

*Considerando* : que con negar la queja, y por ende la admisión del recurso de apelación, se cumple con la ley y no se causa perjuicio al deudor, puesto que éste tiene á su favor todos los recursos que le otorga el párrafo 9 del Artículo 175 del reglamento ya citado, y hasta puede asegurar la efectividad de la sentencia que haya de dictarse en el pleito que puede iniciarse á su instancia, pidiendo en él la retención del todo ó de una parte de la cantidad que por el procedimiento ejecutivo debe entregarse al ejecutante, según el párrafo 10 del referido artículo 175 de la ley mencionada.

*Se declara* sin lugar el recurso interpuesto por el Licenciado Fernando Vázquez, en representación de Don Domingo Rivera, contra el auto de 5 de Diciembre de 1903 dictado por la Corte de Distrito de Mayagüez, el que se confirma con las costas á la parte recurrente; y comuníquese esta resolución á la Corte de Mayagüez para los efectos procedentes.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y Sulzbacher.

the proceedings, since the court would then be without jurisdiction to continue to act in the premises.

By the denial of the complaint, and, therefore, of the admission of the appeal, the law is complied with and no injury is entailed upon the debtor, for he has in his favor all the remedies granted by paragraph 9 of article 175 of the regulations previously cited; and he may even secure the effectiveness of the judgment rendered in the action which may be instituted at his instance, by praying therein for the retention of the whole or a part of the sum which should be delivered to the execution creditor by virtue of the executory proceedings, in accordance with paragraph 10 of said article 175 of the law in question.

The appeal taken by Attorney Fernando Vázquez, as counsel for Domingo Rivera, from the order of December 5, 1903, made by the District Court of Mayagüez, is disallowed, and said order is affirmed with costs against the appellant. This decision is ordered to be communicated to the District Court of Mayagüez for such action as may be proper.

Chief Justice Quiñones and Justices Hernández, Figueras and Sulzbacher concurred.